UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:17-CV-00354-JHM

CHARLES STEPHENS                                                      PLAINTIFF

V.

CHARTER COMMUNICATIONS                                                 DEFENDANT
HOLDINGS, LLC

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff Charles Stephens' motion to remand (DN 7), as well as defendant Charter Communications Holdings, LLC's ("Charter") motion to compel arbitration. (DN 8.) These matters are ripe for decision.

### I. BACKGROUND

According to the complaint, Plaintiff Stephens was employed by Charter as a customer service representative. (Pl.'s Compl. [DN 1-2] ¶ 6.) While employed, Stephens disclosed to Charter that he suffered from a neurological disorder, and he sought "medical accommodations from [Charter] in the form of leave to convalesce." (*Id.* ¶ 7.) Stephens' request for accommodation was denied, and he was terminated in retaliation for reporting the discrimination to management. (*Id.* ¶ 9–10.) He brought the present action against Charter in Jefferson Circuit Court, asserting claims of discrimination and retaliatory discharge under the Kentucky Civil Rights Act, KRS Chapter 344 *et seq.* (*Id.* ¶ 11–14.) Charter removed to this Court (DN 1), and Stephens has moved to remand the case to state court on the basis that the amount in controversy is less than the $75,000 threshold required to meet this Court's jurisdictional requirement for diversity cases. (DN 7.) In support of this argument, Stephens submitted a stipulation through his counsel that he "will not seek a judgment or request a verdict for an amount in excess of

$74,999.00[.]" (DN 7-1.) In addition to opposing the motion to remand (DN 9), Charter has moved this Court to compel Stephens to arbitrate his claims in accordance with an arbitration agreement he signed when beginning his employment with Charter. (DN 8.) Stephens has not responded to this motion, and the time for such response has now passed.

## II. DISCUSSION

### A. MOTION TO REMAND

#### 1. STANDARD OF REVIEW

Removal from state to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Charter removed this action pursuant to 28 U.S.C. § 1441, claiming that this Court has diversity jurisdiction over the action under 28 U.S.C. § 1332. Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1).

#### 2. ANALYSIS

It is undisputed that the parties are diverse and that Stephens has stipulated that the amount in controversy does not exceed $75,000. Therefore, the principal issue is whether this stipulation is sufficient for the Court to remand Stephens' action to Jefferson Circuit Court.

Courts within the Sixth Circuit have "noted on several recent occasions that postremoval stipulations reducing the amount in controversy below the jurisdictional threshold are generally disfavored because" if plaintiffs "were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, 2014 WL 3586498, at *3 (W.D. Ky. July 21,

2014) (citations and quotations omitted); *see Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 872 (6th Cir. 2000); *Agri-Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, at *3 (W.D. Ky. June 27, 2013); *Proctor v. Swifty Oil Co*., 2012 WL 4593409, at *3 (W.D. Ky. Oct. 1, 2012). The Sixth Circuit has advised that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. "However, where a state prevents a plaintiff from pleading a specific amount of damages," as Kentucky does, "and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3) (emphasis in original). Therefore, a plaintiff may submit a stipulation that will destroy the amount in controversy requirement for the purposes of diversity jurisdiction under 28 U.S.C. § 1332. *Id.*

When a plaintiff chooses to submit a stipulation as to the amount in controversy, the stipulation must be unequivocal in order to "limit the amount of recoverable damages and warrant remand." *Egan v. Premier Scales & Sys*., 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002); *see Agri-Power,* 2013 WL 3280244, at *3; *Proctor*, 2012 WL 4593409, at *3. This district "has recognized that a plaintiff may stipulate that it *neither seeks, nor will accept*, damages in an amount greater than $75,000, and that such a stipulation will" be sufficiently unequivocal to destroy diversity jurisdiction. *Agri-Powe*r, 2013 WL 3280244, at *3 (emphasis added).

Stephens' stipulation in this case does not meet this standard. It states that he "will not seek a judgment or request a verdict for an amount in excess of $74,999.00 and will not seek attorney's fees for any amount that, together with any judgment or verdict, would exceed $74,999." (DN 7-1.) While Stephens stipulates that he will not *seek* a verdict of $75,000 or

3

more, he does not stipulate that he will not *accept or seek to enforce* a judgment of that amount. The stipulation is "less than unequivocal" and thus deficient to defeat removal. *Accord Egan*, 237 F. Supp. 2d at 778 (denying motion to remand as stipulation did not effectively limit the judgment). *Compare with Leavell v. Cabela's Wholesale, Inc.*, 2015 WL 9009009, at *2–3 (W.D. Ky. Dec. 15, 2015) (Court lacked jurisdiction when plaintiff stipulated that she "will neither seek nor accept damages in excess of $75,000"). Because the stipulation does not effectively limit the amount in controversy to a sum below $75,000, and there being no other challenge to the amount in controversy, this Court possesses subject matter jurisdiction over the case. Therefore, the motion to remand is **DENIED**.

## B. MOTION TO COMPEL ARBITRATION

Charter argues that Stephens' is bound by an arbitration agreement he electronically signed before beginning his employment. This agreement, entitled "Mutual Agreement to Arbitrate," states that,

> By accepting employment with Time Warner Cable,[1] you and Time Warner Cable ("TWC," as defined below) agree that any and all claims, disputes, and/or controversies between you and TWC arising from or related to your employment with TWC shall be submitted exclusively to and determined exclusively by binding arbitration before a single Judicial Arbitration and Mediations Services, Inc. ("JAMS") arbitrator under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA") . . . includ[ing] . . . claims . . . under state labor laws . . . [or] under any other state law related to your employment with TWC . . .

(Arbitration Agreement [DN 8-2] at 4.) Charter has provided documentation showing that Stephens electronically consented to the arbitration agreement on November 19, 2015, at 1:39

---

[1] Time Warner Cable has since been acquired by Charter. (Dec. Chance Cassidy [DN 8-2] ¶ 2.) The arbitration agreement covers disputes with Time Warner Cable and its "successors and assigns." (Arbitration Agreement [DN 8-2] at 4.)

p.m. (Personal Information Documents [DN 8-2] at 9.) Stephens has not responded to the motion to arbitrate or opposed it in any other manner.

The arbitration agreement provides that the FAA, 9 U.S.C. §§ 1–16, shall govern the agreement. "When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). Specifically,

> [w]hen considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout*, 228 F.3d at 714 (citing *Compuserve, Inc. v. Vigny Int'l Fin., Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)); *see also N. Fork Collieries LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010) ("The task of the trial court confronted with" a motion to compel arbitration "is simply to decide under ordinary contract law whether the asserted arbitration agreement actually exists between the parties and, if so, whether it applies to the claim raised in the complaint. If an arbitration agreement is applicable, the motion to compel arbitration should be granted") (citations omitted).

Here, the record indicates that Charter and Stephens entered into a binding arbitration agreement that is valid and enforceable. Further, Stephens' claims are for discrimination and retaliatory discharge under the Kentucky Civil Rights Act, which would qualify as claims under state labor laws or other state laws related to employment. Such claims are covered by the arbitration agreement. There are no federal claims asserted that could possibly be nonarbitrable,

nor are only some of the state-law claims subject to arbitration. Therefore, the Court will enforce the arbitration agreement.

Charter asks the Court to dismiss the case, rather than stay proceedings, in the event that the arbitration agreement is enforced. "The FAA requires a court to stay proceedings pending arbitration 'only on application of one of the parties.'" *Hilton v. Midland Funding, LLC*, 687 F. App'x 515 (6th Cir. 2017) (citing 9 U.S.C. § 3). Neither party has requested a stay,[2] making dismissal appropriate. *Id.* Therefore, Charter's motion to compel arbitration is **GRANTED**, and Stephens' claims will be **DISMISSED** without prejudice. *Id.* (dismissal without prejudice is appropriate to allow parties to refile or reopen case for entry of arbitration award or any other relief to which parties may be entitled).

### III. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that plaintiff Charles Stephens' motion to remand is **DENIED**, and defendant Charter Communications Holdings, LLC's motion to compel arbitration is **GRANTED**. The case is **DISMISSED** without prejudice.

*[signature]*
Joseph H. McKinley, Jr., Chief Judge
United States District Court

September 26, 2017

cc: counsel of record

---

[2] Charter does request a stay of proceedings, but only in the event that the Court determines that dismissal is inappropriate. Because Charters' clear request is for dismissal, the Court need not reach its alternative request. *See Hilton*, 687 F. App'x at 515 ("Neither party did more than vaguely reference the possibility of staying the proceedings," making dismissal appropriate).